No. 975          November 13, 2025          767

*This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

BRET ARTHUR BOOZER,
aka Bret Boozer, aka Brett Boozer,
aka Brett Arthur Boozer,
*Defendant-Appellant.*

Lincoln County Circuit Court
22CR22698; A182937

Sheryl Bachart, Judge.

Argued and submitted September 22, 2025.

Bear Wilner-Nugent argued the cause and filed the briefs for appellant.

Michael A. Casper, Assistant Attorney General, argued the cause for respondent. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Solicitor General.

Before Aoyagi, Presiding Judge, Kamins, Judge, and Pagán, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Defendant appeals a judgment of conviction for multiple sexual offenses stemming from the abuse of his granddaughter, B. In two assignments of error, he challenges the trial court's admission of "other acts" evidence under OEC 404(4). His third assignment of error challenges the trial court's denial of his motion for a mistrial. We affirm.

B lived with her grandparents for most of her childhood. About a month after she moved into her father and stepmother's house, she disclosed multiple instances of abuse by her grandfather, defendant. During one of those incidents, which occurred in North Carolina, defendant told B that, if she told anyone about the abuse, he would go to jail. According to B, her aunt visited her about a month after she moved out and disclosed that defendant had abused the aunt when she was a child, and it was that revelation that caused B to share that she had also been abused.

Defendant challenges the admission of evidence of the conversation with B's aunt, as well as the episode of uncharged sexual abuse that occurred in North Carolina. According to defendant, both the conversation and the additional episode of sexual abuse relied on a propensity-based theory of relevance and should have been excluded.[1] The state's proffered reason for admitting both was to explain B's delayed disclosure. During her forensic interview, which was played for the jury, B described that her reaction to the North Carolina threat was that she did not want her grandfather to be arrested. She also testified at trial that her aunt's disclosure made B realize that she wasn't alone which "sparked [her] opening up" about the abuse.

The trial court did not commit legal error in admitting the evidence. *State v. Hernandez*, 339 Or App 127, 129, 566 P3d 677 (2025) (stating standard of review). Evidence of an "other act" that explains a delay in disclosure is relevant

---

[1] Citing *State v. Davis*, defendant argues that any propensity-based evidence must have been excluded pursuant to OEC 404(3). 372 Or 618, 629, 553 P3d 1017 (2024. However, as explained in *Davis*, "in criminal trials in Oregon, the applicable subsection of OEC 404 that applies to acts of a defendant offered in a criminal trial is OEC 404(4), *not* OEC 404(3)." *Id*. at 633 (emphasis added). That the evidence is offered for a propensity-based reason is a consideration when deciding whether to admit it, not a requirement that the court automatically exclude it. *Id*.

under 404(4) and does not rely on propensity-based reasoning about a defendant's character. *See State v. Akins*, 373 Or 476, 487, 568 P3d 174 (2025) (evidence to explain delay in reporting relevant for a nonpropensity purpose); *State v. Rockett*, 302 Or App 655, 675, 463 P3d 1 (2020), *rev'd in part on other grounds*, 368 Or 510 (2021) (same). B's credibility was at issue during the trial, and the evidence was relevant to explain why she did not disclose the abuse sooner. *See Akins*, 373 Or at 487 ("Given how critical credibility was in this case, the state was entitled to anticipate that inference and offer evidence to address it as part of its case-in-chief, even if the defendant represented to the court that the defendant was not expressly contending that the reporting delay meant that the abuse had not occurred.").

Once the trial court properly determined that the evidence was relevant under OEC 404(4) and evaluated the extent to which it is propensity-based, the trial court next conducted balancing under OEC 403 to determine whether the evidence's probative value outweighed its prejudicial impact. *See State v. Martinez*, 335 Or App 643, 650, 559 P3d 907 (2024), *rev den*, 373 Or 713 (2025) (describing analytic framework). The trial court did not abuse its discretion in conducting that balancing. *Hernandez*, 339 Or App at 129 (providing standard of review). Although the evidence of an additional incident of abuse and an additional victim is undoubtedly prejudicial, it is also highly probative of why B delayed disclosing the abuse and why she disclosed when she did. Moreover, the trial court took care to limit the extent of the evidence to only information related to the delay in disclosure. The trial court also provided limiting instructions after the admission of the evidence and again before deliberations. *See State v. Champagne*, 341 Or App 343, 358, 573 P3d 412 (2025) (limiting the extent of the evidence and the provision of a limiting instruction can mitigate prejudice of other acts evidence). The trial court did not abuse its discretion in conducting OEC 403 balancing.

In his final assignment of error, defendant challenges the trial court's denial of his motion for a mistrial. Defendant moved for a mistrial after the video of B's forensic interview was played for the jury and included a statement

beyond what the trial court had previously held was admissible. The trial court had instructed the parties that the evidence regarding the aunt's disclosure should be limited to the fact of the abuse generally but, in the forensic interview, B stated that her aunt disclosed that defendant put his finger inside her vagina. The trial court denied the motion, concluding, after conducting additional 403 balancing on the new evidence, that its unexpected introduction did not deprive defendant of a fair trial.

Assuming the error is preserved, the trial court did not abuse its discretion in denying the motion for a mistrial. *See State v. Osorno*, 264 Or App 742, 747, 333 P3d 1163 (2014) (stating standard of review). The evidence at trial indicated that after B moved out of her grandparents' house, her father and stepmother requested that her aunt visit to try to help understand why B was so withdrawn. B testified that her aunt told her that defendant had touched her inappropriately and asked her if anything like that had happened with B, which prompted B's disclosure. To the extent that the additional detail of the nature of the touching increased the prejudicial impact of the evidence, that prejudice was addressed by the trial court's instruction that the jury should not consider the evidence for its truth, but only for its effect on the listener. Indeed, the truth of the evidence was far from clear to the jury given that B's aunt testified that defendant had never abused her. Moreover, the additional detail was not mentioned again. On this record, we cannot conclude that the additional detail deprived defendant of a fair trial.

Affirmed.